UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAITLIN C. BROWN, | : | Case No. 3:12-cv-256 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| INTERNATIONAL ASSET GROUP, LLC, | : | |
| | : | |
| Defendant. | : | |

**ORDER AND ENTRY GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (Doc. 8)**

This civil case is before the Court on Plaintiff Kaitlin C. Brown's Motion for Default Judgment. (Doc. 8). Defendant did not file a response to Plaintiff's Motion and the time for doing so has expired. Accordingly, Plaintiff's Motion is ripe.

**I. FACTS ALLEGED**

Plaintiff, a resident of Piqua, Ohio, conducted a web search for free legal aid services in March 2012, and logged on to the website of Legal Service Corporation ("LSC") at the web address www.lsc.gov. LSC states on its website that it is "the single largest funder of civil legal aid for low-income Americans in the nation." Plaintiff called a telephone number obtained through the LSC website and left a voice message requesting free legal advice relating to debt collector practices. Plaintiff was informed a representative would return her call.

On or about the afternoon of March 7, 2012, an agent-employee of Defendant, identifying himself as Dave Segal, placed a call to Plaintiff. Segal stated that he was

calling regarding the Plaintiff's earlier telephone request for attorney assistance with debt collector practices. Segal claimed that he was an attorney from a free legal aid service and requested personal identifying information from Plaintiff, including her social security number and her husband's employment information. Believing that Segal was an attorney from a legal aid service, Plaintiff provided this information to Segal.

Segal then asked about an account of Plaintiff's that was allegedly due and owing from H.H. Gregg. Believing Segal to be an attorney from a legal aid service, Plaintiff discussed this account with Segal and he provided her with certain claimed legal opinions about the account, its status and handling.

At the end of the telephone conversation, Segal revealed that he was, in fact, a debt collector of Defendant, that Defendant was hired to collect the allegedly owed H.H. Gregg account, and, while laughing, told Plaintiff she should not have provided Segal with her husband's employment information. Segal then informed Plaintiff that she must make arrangements to pay on the debt on or before March 27, 2012, or that a judgment would be placed against her. During a later telephone conversation, Segal and/or his superior, identifying himself as Joseph Lane, claimed that they worked for a company identified as Legal Outsourcing.

Defendant impersonated, implied, and held itself out as attorneys affiliated with a government legal aid service, when, in fact, Defendant was not a law firm and was engaged in the practice of consumer debt collection. Defendant failed to immediately

provide Plaintiff with lawfully required warnings that she was speaking with a debt collector and that any information obtained would be used in collection of a debt. Defendant's conduct, and that of its employees, was undertaken with the intent of harassing, annoying and misleading Plaintiff in connection with Defendant's attempts to coerce payment on the alleged consumer debt.

Plaintiff now brings suit alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Namely, Plaintiff contends that Defendant violated: (1) §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; (2) §1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; (3) §1692e by using any false, deceptive, or misleading representation or means in connection with the collection of a debt; (4) §1692e(3) by the false representation or implication that an individual is an attorney or that a communication is from an attorney; (5) §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer; (6) §1692e(11) by failing to disclose in the initial communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose; (7) §1692e(14) by the use of any business, company, or organization name other than the true name of Defendant's business; and (8) §1692f by using any unfair or unconscionable means to collect or attempt to collect a debt.

Plaintiff filed the Complaint in this case on July 30, 2012. (Doc. 1). The Court's docket reflects that Defendant was served by certified mail on August 13, 2012. (Doc. 3) Pursuant to the Federal Rules of Civil Procedure, Defendant was required to answer on or before September 4, 2012. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant failed to answer and Plaintiff moved for an entry of default, which was docketed by the Clerk on October 9, 2012. (Doc. 7). Plaintiff now moves for default judgment.

## II.  STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-0298, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir.1983) (further citations omitted).

In other words, while liability may be shown by well-pleaded allegations, "[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *5 (E.D. Mich. Jun. 23, 2010). To ascertain damages where there is a sum uncertain, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 Fed. Appx. 351, 354-55 (6th Cir. 2009).

Instead, the court may rely on affidavits submitted on the issue of damages. *See Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. CIV A 206-CV-487, 2007 WL 152130, at *2 (S.D. Ohio Jan. 16, 2007); *see also LaFarge North America Inc. v. Wells Group, Inc.*, No. 4:08-cv-95, 2009 WL 2601854, at *4 (E.D. Tenn. Aug. 24, 2009); *Frazier v. Absolute Collection Serv., Inc.*, 767 F.Supp.2d 1354 (N.D. Ga. 2011) (stating that certain courts note "that an evidentiary hearing is not necessary where the moving party has provided supporting affidavits as to the issue of damages").

### III. ANALYSIS

Based on the allegations in the Complaint, which the Court accepts as true by virtue of Defendant's default, the Court finds that Defendant violated the aforementioned provisions of the FDCPA. With regard to damages, the FDCPA, provides that:

> any debt collector who fails to comply with any provision of . . . [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of - -
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k. Here, Plaintiff seeks statutory damages, attorney's fees and costs. In seeking default judgment, Plaintiff sufficiently supports her Motion with documentation, and, therefore, a hearing is unnecessary.

Plaintiff first seeks statutory damages in the amount of $1,000. In awarding statutory damages under § 1692k(a)(2)(A), "the court shall consider . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692(b)(1). Here, Defendant committed numerous violations of the FDCPA and given the truly egregious and unconscionable nature of Defendant's conduct, the Court concludes that Plaintiff is entitled to full extent of $1,000 in statutory damages.

Next, Plaintiff also seeks attorney's fees and costs. An award of "'a reasonable attorney's fee' and costs to a prevailing party" are mandatory. *Dowling v. Litton Loan Servicing LP*, 320 Fed. Appx. 442, 446 (6th Cir. 2009) (citing 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir.1997)). "A reasonable fee is one that is 'adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'" *Id*. (citing *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir.2004); *Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 1999)). To determine reasonable attorney's fees, courts begin multiplying "a reasonable hourly rate" with "the number of hours reasonably expended on the litigation" to obtain what is "known as the 'lodestar.'" *Id*. (citations omitted). Courts "indulge a 'strong presumption' that the lodestar 'represents a 'reasonable' fee.'" *Id*. (citation omitted).

Here, Plaintiff evidences $2,040 in attorney's fees and $350 in costs. The Court, upon reviewing the billing statement submitted by Plaintiff, concludes that the average

hourly rate charged ($188.89) is reasonable and that the total number of hours expended (10.8 hours) is reasonable.  Accordingly, Plaintiff is entitled to recover $2,040 in attorney's fees and $350 in costs.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff's Motion for Default Judgment (Doc. 8) is **GRANTED**.  Judgment shall be entered in favor of Plaintiff and against Defendant in the following amounts: (1) statutory damages in the amount of $1,000.00; (2) attorney's fees in the amount of $2,040.00; and (3) costs in the amount of $350.00.

**IT IS SO ORDERED**.


Date: 11/30/12                                                     *s/ Timothy S. Black*
                                                                   Timothy S. Black
                                                                   United States District Judge